[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-16228

_____

D. C. Docket No. 03-00489-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AKBAR NOORANI,
ALBERT BAKIAJ,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(June 28, 2006)**

Before ANDERSON, BARKETT and BOWMAN[*], Circuit Judges.

PER CURIAM:

_____

[*] Honorable Pasco M. Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

This case concerns a criminal endeavor led by Gezim Arapi, in which truckloads and trailer-loads of cigarettes would be stolen prior to the time the taxes were paid on them and tax stamps affixed. The organization would then affix counterfeit tax stamps and resell the cigarettes. Following a jury trial, co-defendant Akbar Noorani was convicted of one count of conspiracy and two counts of dealing in contraband cigarettes.[1] Co-defendant Albert Bakiaj was convicted of one count of conspiracy, two counts of transporting counterfeit tax stamps in interstate commerce, and three counts of possessing counterfeit tax stamps.[2] Each defendant now appeals his conviction and sentence.[3]

On appeal, Noorani argues that the district court erred in the following ways: (1) by allowing hearsay evidence inadmissible under Rule 404(b); (2) by allowing

---

[1]Noorani was convicted of (1) conspiracy to traffic in contraband cigarettes, in violation of 18 U.S.C. § 371 (Count Two); and (2) two counts of trafficking in contraband cigarettes, in violation of 18 U.S.C. § 2342(a) (Counts Six and Twenty). The district court sentenced Noorani to thirty-three months' imprisonment and three years' supervised release on each count, to run concurrently, and ordered him to pay restitution in the amount of $72,003.60. Noorani was also required to forfeit any and all proceeds traceable to the conspiracy offense alleged in Count Two, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 1961(1), and 28 U.S.C. § 2461(c), thus the court entered a final order of forfeiture for money judgment in the amount of $515,494.80.

[2]Bakiaj was convicted of (1) conspiracy to traffic in contraband cigarettes, in violation of 18 U.S.C. § 371 (Count Two); (2) three counts of possession of counterfeit state tax stamps, in violation of 18 U.S.C. § 2315 (Count Ten, Count Twelve, Count Fifteen); and (3) two counts of transportation of counterfeit state tax stamps, in violation of 18 U.S.C. § 2314 (Count Eleven, Count Fourteen). Bakiaj was sentenced to thirty-six months' imprisonment and three years' supervised release as to each count, and was ordered to pay restitution in the amount of $4,125.

[3] Co-Defendant Gezim Selgjekaj also appealed, but the Government conceded that the district court committed reversible Booker error when it sentenced Selgjekaj. Accordingly, we vacated Selgjekaj's sentence and remanded for resentencing.

a government agent to testify to the law of conspiracy; (3) by allowing hearsay testimony of a confidential informant who was not alleged to be a co-conspirator; (4) by refusing to order the disclosure of exculpatory evidence, including grand jury testimony; (5) by allowing an exhibit to be referenced without being entered in evidence; (6) by allowing the government to refer to Noorani's prior three-year probation for a prior crime; (7) by refusing Noorani a duress jury instruction; (8) by finding Noorani responsible for 354 cases of cigarettes when the jury found him responsible for 300 cases in a special verdict interrogatory; (9) by ordering forfeiture when it lacked the authority to do so, and in the event that it did have the authority, by incorrectly calculating the amount subject to forfeiture; and (10) by committing errors the cumulative effect of which denied Noorani a fair trial.

On appeal, Bakiaj argues that the district court erred in the following ways: (1) by denying Bakiaj's motion for mistrial after the prosecutor allegedly commented on his right to remain silent; (2) by refusing to order the government to disclose exculpatory evidence, including grand jury testimony, reports, and ATF agent notes; (3) by allowing a government agent to testify as to the law of conspiracy; (4) by allowing the hearsay testimony of a confidential informant who was not alleged to be a co-conspirator; (5) by allowing an exhibit to be repeatedly referenced by the government when the exhibit was never entered in evidence; (6)

3

by declining to dismiss the indictment for failure to allege that the offending conduct affected interstate commerce and failure to allege the threshold amount of money required for federal jurisdiction; (7) by refusing a duress instruction; (8) by committing errors the cumulative effect of which deprived Bakiaj of a fair trial; and (9) by sentencing Bakiaj in violation of United States v. Booker, 543 U.S. 220 (2005).

## I. Sufficiency of the Indictment

Bakiaj argues, for the first time on appeal, that the indictment should have been dismissed because it failed to allege (1) that the offending conduct affected interstate commerce; and (2) the threshold amount of money required for federal subject-matter jurisdiction. We find no merit in this argument.

Count Two of the indictment alleged that Bakiaj had conspired, among other things, "to knowingly and intentionally receive, possess, store and dispose of goods, wares and merchandise of the value of $5000 or more, which had crossed a state boundary after being unlawfully converted and taken, in violation of 18 U.S.C. § 2315." Counts Ten, Eleven, Twelve, Fourteen, and Fifteen alleged that Bakiaj either had "receive[d] and possess[ed] . . . altered and counterfeited tax stamps, such tax stamps moving as, and being a part of, and constituting interstate commerce . . . in violation of 18 U.S.C. §§ 2315, 21 and 2," or had transported or

4

caused to be transported "in interstate commerce from Florida to Ohio, falsely made, forged, altered and counterfeited tax stamps . . . in violation of 18 U.S.C. §§ 2314, 21 and 2." These allegations satisfy the requirements of United States v. Lopez, 514 U.S. 549 (1995).

## II. Brady Violation

Both Noorani and Bakiaj argue that the district court committed reversible error in declining to order the Government to turn over exculpatory and impeachment evidence under Brady v. Maryland, 373 U.S. 83 (1963). We review de novo whether the district court erred in declining to order the Government to comply with its Brady obligations. See Wright v. Hopper, 169 F.3d 695, 701 (11th Cir. 1999). . The record contains no evidence of a Brady violation. The court, after an in camera review of the requested materials, including the grand jury transcripts in their entirety, ordered the government to disclose all remaining exculpatory evidence. Noorani and Bakiaj have not stated any reason to suspect that any exculpatory or impeachment evidence was withheld following the district court's inspection.

## III. Evidentiary Objections

Noorani and Bakiaj raise several objections to the evidentiary rulings of the district court, which we review for abuse of discretion. See United States v.

Magluta, 418 F.3d 1166, 1177 (11th Cir. 2005), petition for cert. filed, 74 U.S.L.W. 3443 (U.S. Jan. 27, 2006) (No. 05-952). Having reviewed the record, we see no abuse of discretion in the district court's evidentiary rulings. Furthermore, we find no error in the admission of evidence under Federal Rule of Evidence 404(b) because the probative value of the evidence outweighed any prejudice and its admission was within the district court's discretion under the Federal Rules of Evidence.

## IV.  Bakiaj's Motion for Mistrial

Bakiaj argues that the district court should have granted his motion for mistrial based on comments made by the prosecutor about Bakiaj's post-arrest silence.  Having reviewed the record, we find no evidence of harm or prejudice, particularly because the court struck the relevant question and instructed the jury to disregard it.  We presume a jury to follow the court's instructions unless a party proves the contrary.  See United States v. Shenberg, 89 F.3d 1461, 1472 (11th Cir. 1996).  Accordingly, we conclude that the district court did not err in denying a mistrial based on the prosecutor's question about Bakiaj's post-arrest comment.

## V.  Jury Instruction

Noorani and Bakiaj argue that the district court erred in denying their request for their proposed jury instruction on the defense of duress.  We review the

6

district court's refusal to include a defendant's requested jury instruction for an abuse of discretion. See Untied States v. Sirang, 70 F.3d 588, 594 (11th Cir. 1995). We find that the district court did not abuse its broad discretion in forming its charge because the evidence did not support the instruction proposed by Noorani and Bakiaj and thus the failure to give the instruction did not seriously impair the defendants' ability to present an effective defense. The defendants did not show that any threats against them had been "imminent," nor that they had no reasonable legal alternative to violating the law. Accordingly, the district court did not err in declining to give their requested instruction.

## VI. Cumulative Error

Both Noorani and Bakiaj argue that the cumulative effect of the asserted trial errors warrants a new trial. As we have explained here, none of the errors committed during the course of their trial amounted to harmful error.

## VII. Sentencing

Each defendant appeals his sentence. The government concedes that, under Booker, the district court erred in sentencing Bakiaj. Accordingly, we vacate Bakiaj's sentence and remand for resentencing.

Noorani only challenges the district court's sentence with respect to restitution and forfeiture. Given that this Circuit has held that Booker and Blakely

7

are inapplicable to restitution orders, see United States v. Williams, 445 F.3d 1302, 1310-11 (11th Cir. 2006), we affirm the order of restitution. With respect to forfeiture, we find that the relevant statutes authorized the forfeiture in this case, see 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), 1961(a)(1). Finally, we conclude that the district court did not err in calculating the order of forfeiture based upon the wholesale value of the cigarettes because the statute authorized that amount. See id. § 981(a)(2)(A) (defining "proceeds" as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." (emphasis added)).

Accordingly, we AFFIRM the conviction and sentence of Akbar Noorani. We AFFIRM the conviction of Albert Bakiaj, VACATE his sentence, and REMAND for resentencing.